# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-00930-MMM(Ex) | Date | February 24, 2009 |

| | |
|---|---|
| Title | *Esprit One, LLC v. Stock Building Supply West, Inc. et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction.

## I.   Procedural Background

On January 23, 2009, Esprit One, LLC initiated this action against Stock Building Supply West, Inc. and certain fictitious defendants.[1]  Plaintiff alleges two causes of action: (1) breach of express warranty and (2) strict liability.

On February 6, 2009, defendant removed the action to federal court.  Defendant alleges that the amount in controversy exceeds $75,000,[2] and asserts that the court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  Defendant alleges that it is incorporated in Utah and has its principal place of business (as well as its home office) in Raleigh, North Carolina.  It further alleges that plaintiff is a limited liability company with its home office and principal place of business

---

[1] The fictitious defendants do not affect removal, as 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

[2] Defendant contends that plaintiff "has repeatedly represented that its alleged damages far exceed $2,800,000." (Notice of Removal, ¶ 6.)  For example, on July 10, 2006, plaintiff wrote that it had "removed approximately 3,500 board feet of lumber from the buildings in question and that its damages purportedly also included carrying costs of $22,000 per day for 110 days."  (*Id.* ¶ 7.)

in Santa Monica, California. Defendant, however, does not allege the citizenship of all of plaintiff's members.

## II. Order to Show Cause Why Action Should Not Be Remanded to State Court for Failure to Satisfy the Complete Diversity Requirement

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it, for "removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment. . . ." *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1211 (9th Cir. 1998); *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 43 (1998). Under 28 U.S.C. § 1441(a), an action must "be fit for federal adjudication when the removal petition is filed." *Lexecon*, 523 U.S. at 43.

Federal courts have subject matter jurisdiction over suits between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits treating LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

Here, the notice of removal alleges that Esprit is "a California Limited Liability Company

having its home office and principal place of business in Santa Monica, California."[3]  The notice of removal, however, does not allege the citizenship of the individual members of Esprit One, LLC. As a result, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and defendant.

Accordingly, the court directs the removing defendant to show cause, on or before **Friday, March 6, 2009**, why the court should not remand this action to state court for lack of subject matter jurisdiction.  Defendant must demonstrate that there is complete diversity between itself and all of plaintiff's members.

---

[3]Notice of Removal, ¶ 9.